IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MIGUEL GUERRERO and              )
EVA GUERRERO,                    )
                                 )
                Plaintiffs,      )
                                 )
vs.                              )        Case Number CIV-14-537-C
                                 )
JACOB MEADOWS and TRANSPORT      )
AMERICA a/k/a TRANSPORT          )
CORPORATION OF AMERICA, INC.,    )
                                 )
                Defendants.      )

MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action after they were injured in a traffic collision with

Defendants. The matter was tried to a jury, which rendered a verdict in favor of Plaintiff

Miguel Guerrero and awarded him damages. The jury attributed 45% negligence to Plaintiff

Miguel Guerrero and 55% to Defendants. The jury declined to award damages in favor of

Plaintiff Eva Guerrero. Plaintiffs appealed the verdict and it is now pending before the Tenth

Circuit. One of the issues raised on appeal is a challenge to the Court's ruling on a pretrial

motion excluding Jason Swihart, who was a volunteer for the Hydro Fire Department. The

Court prohibited Plaintiffs from calling Mr. Swihart as a witness, stating: "If Plaintiffs

intended to call Mr. Swihart and/or Mr. Entz, they were obligated to identify them by the

discovery cut-off. That both parties made a generic reference to firemen/responders is

insufficient. Defendants are entitled to know who Plaintiffs intend to call as witnesses."

(Dkt. No. 51, p. 7.) The Circuit Court issued a limited remand for this Court to provide

additional explanation of this issue, specifically examining the factors set forth in

Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

Before considering the specific Woodworker's factors, some background is necessary. The date of the accident was April 27, 2012. Plaintiffs originally filed in state court on April 21, 2014. Defendants removed the action to this Court and on August 22, 2014, and pursuant to the Scheduling Order, Plaintiffs were to file their final witness list not later than January 10, 2015. Plaintiffs were directed to separately identify those witnesses they expected to call and those witnesses who "may" be called. Further, the Scheduling Order included a specific admonition that any witnesses who were not listed would not be permitted to testify at trial. Finally, the Scheduling Order set a discovery completion date of April 15, 2015. In accordance with the Scheduling Order, Plaintiffs timely filed their final witness list. Included on that list was the following identification: "Firemen/flagmen on highway at the time of the accident – identity as yet unknown." (Dkt. No. 19, p. 4.) Plaintiffs classified these witnesses in the "may be called" category. Trial was set for May 12, 2015, with the Pretrial Report due by April 21, 2015. Prior to trial, Defendants filed a motion in limine, arguing that Plaintiffs for the first time, on April 16, 2015, identified Mr. Swihart as a probable witness. As noted above, the Court granted that motion and excluded Mr. Swihart as a trial witness. Plaintiffs then filed a motion to reconsider on May 11, 2015, to which Defendants responded, and the Court held a brief hearing with the parties immediately before the start of trial. In their motion to reconsider, Plaintiffs expounded on their attempts to identify the responders at the scene and the interviews of those persons. Plaintiffs also made much of the fact that

Defendants allegedly delayed providing a photograph for some period of time and that earlier provision of that photograph would have permitted an earlier identification of Mr. Swihart. As made clear at the hearing, the Court viewed the photograph, considered Plaintiffs' arguments, and agreed with Defendants that the photograph was a red herring and provided no reasonable basis for the delay in identifying Mr. Swihart.

Specific to Plaintiffs' efforts to identify the first responders, the following facts are relevant: This matter was originally filed in 2014. However, Plaintiffs state that it was not until February 2, 2015, that they began the process of obtaining incident reports relating to the accident from the Weatherford and Hydro fire departments. Notably, this is after the January 10, 2015, deadline for filing final witness and exhibit lists. Additionally, it was not until March 16, 2015, two months after their final witness list was due, nearly a year after the case was filed, and nearly three years after the accident, that Plaintiffs first spoke to the Hydro Fire Chief regarding the other first responders at the scene. Less than a month later, on April 10, 2015, Plaintiffs were told they should speak to Mr. Swihart. On April 14, approximately three months after their witness list was due, three years after the accident, and one year after the case was filed, Plaintiffs for the first time spoke with Mr. Swihart. Importantly, this day was also less than one month prior to the scheduled start of the trial. In their motion in limine Defendants argued that the witness should be excluded because the late disclosure violated the terms of the Scheduling Order and/or that pursuant to Fed. R. Civ. P. 37(c)(1) they could not use undisclosed information or witnesses at trial.

In Woodworker's, the Tenth Circuit set forth the following four factors to be considered in determining whether or not exclusion of a witness or evidence was proper. Those factors are: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Id. at 993. In the remand order, the appellate court directed the Court to explain whether it excluded Mr. Swihart because he was not disclosed on the final witness list and Plaintiffs failed to show good cause for the failure to disclose, and/or whether the Court excluded Mr. Swihart because Plaintiffs failed to timely update their Rule 26 disclosures and the failure to do so was not substantially justified or harmless. The appellate court noted that regardless of which reason provided the basis for exclusion, the Court should provide an explanation of findings under the Woodworker's factors.

As Defendants argued in their motion in limine and the response to Plaintiffs' motion to reconsider, they were unaware that Plaintiffs intended to call Mr. Swihart until after discovery had closed. Thus, Defendants were precluded from obtaining discovery related to Mr. Swihart. The fact that Plaintiffs first disclosed Mr. Swihart less than a month before the scheduled trial date further compounds the prejudice to Defendants. Plaintiffs argue that their listing of first responders and/or the fact that Defendants also listed first responders cuts against any finding of prejudice. The Court disagrees. Defendants are not required to anticipate what evidence or witnesses Plaintiffs will offer at trial. Defendants are not required to interview every potential witness or uncover every possible shred of evidence in

4

preparing their case. Rather, they are entitled to rely on Plaintiffs, who have the burden of proof, to set forth those witnesses they intend to call to satisfy their burden and then respond accordingly. See Robinson v. Audi Nsu Auto Union Aktiengesellschaft, 739 F.2d 1481, 1483 (10th Cir. 1984) (stating "the clear purpose[] of the federal discovery rules [is] to facilitate fact finding and prevent unfair surprise."). Further, the fact that Plaintiffs listed the generically identified "first responders" as ones they "may" call, adds additional weight in favor of exclusion. For these reasons, the Court finds the first factor weighs in favor of exclusion.

The second and third factors also weigh in favor of excluding the witness. Those factors look at the ability of the party to cure the prejudice and the extent to which introducing such testimony would disrupt the trial. Given the limited period of time between Plaintiffs' late disclosure of Mr. Swihart as a witness and the scheduled trial date, and considering the other actions necessary for preparation of trial, there simply was insufficient time for Defendants to interview and/or depose Mr. Swihart in time to continue the trial as originally scheduled. As noted above, Plaintiffs had been working this case for a substantial period of time prior to disclosure of Mr. Swihart as a witness. Diligent efforts by Plaintiffs would have identified Mr. Swihart in time for his listing on the January witness list. Plaintiffs had nearly nine months from the date this case was filed until that witness list was due to identify the witnesses on whom they were going to base their claims. If, indeed, Mr. Swihart was as central to their proof of liability as Plaintiffs suggest in their motion, it certainly was incumbent upon them to secure his identity and make him known to all parties

much earlier in this litigation. To wait until the eve of trial to conduct a proper investigation of the facts allegedly supporting their claims is an insufficient basis to overcome their duty under the discovery guidelines.

Finally, considering Plaintiffs' bad faith or willfulness, as the Court noted above, the delay in investigating demonstrates Plaintiffs' willful failure to properly prepare and to present their case.

After considering the factors in Woodworker's, and the facts surrounding the late disclosure of Mr. Swihart, the Court holds that he should be excluded as a witness based on Plaintiffs' failure to comply with the terms of the Court's Scheduling Order. Alternatively, relying on the same analysis, Mr. Swihart should not be allowed to testify because Plaintiffs failed to timely update their Fed. R. Civ. P. 26 disclosures and that failure was not substantially justified or harmless.

IT IS SO ORDERED this 13th day of April, 2016.


ROBIN J. CAUTHRON
United States District Judge